Dear Mr. Joseph:
We are in receipt of a request from Mayor Cliff Aucoin of the City of New Iberia. Mayor Aucoin has requested that our office review documents regarding amendments to the special legislative charter for the City of New Iberia, which propose term limits, and to advise your office as to whether the Governor should approve the amendments
The City of New Iberia has presented the following documentation to our office:
 1. A certified copy of Resolution No. 4227-96 and 4228-96 calling for separate propositions pertaining to term limits for the offices of Mayor and the Board of Trustees for the November 5, 1996 election.
 2. An Affidavit of Publication of Resolution No. 4227-96 and 4228-96, published in the Daily Iberian, at New Iberia, Louisiana, on November 30, 1996.
 3. An Affidavit of Publication of the proposed charter amendments, published in the Daily Iberian, at New Iberia, Louisiana, on January 23, 1997, January 30, 1997 and February 6, 1997.
 3. A copy of the propositions and an Affidavit from the Clerk of Court, attesting to the election results of the proposition election, showing that City of New Iberia #1 — Leg. Charter Amend passed by a vote of 6158 to 2734, and that City of New Iberia #2 — Leg. Charter Amend passed by a vote of 5809 to 2815.
 4. A statement from the Mayor that there were no protests against the proposed charter amendments received within thirty (30) days of publication.
The amendments to the charter provide (1) that a person who has served as a trustee for two full consecutive terms after December 31, 1996, or as trustee-at-large for two full consecutive terms after December 31, 1996, is not eligible for election to the same office for the succeeding term, and (2) that a person who has served as mayor for three full consecutive terms after December 31, 1996 shall not be eligible for election to the same office for the succeeding term.
As you will recall, our office recently issued Attorney General Opinion No. 97-42, regarding an amendment to the special legislative charter of the City of New Iberia for pay increases. [Atty.Gen.Op. No. 97-42, copy enclosed herein.] We concluded that the amendment to the special legislative charter was required to comply with the Lawrason Act, due to the fact that the governing authority chose to amend the charter in accordance with R.S.33:1181, rather than seek amendment by an act of the legislature. We further concluded that a portion of the amendment to the charter was in direct conflict with the Lawrason Act, as the Lawrason Act specifically prohibited certain actions regarding pay increases for public officials which were being proposed by the charter amendment. In the instant matter, however, the Lawrason Act does not specifically prohibit term limit provisions for public officials and therefore, we are of the opinion that the proposed amendments are not in conflict with the Lawrason Act.
In concluding, it is the opinion of our office that the proposed amendments to the charter of the City of New Iberia, proposing terms limits for the offices of Mayor and Board of Trustees, are in compliance with LSA-R.S. 33:1181 and are consistent with the constitution and laws of the United States and of this state, including the Lawrason Act. It is our recommendation that the Governor approve the proposed amendments.
If we can be of further assistance in this matter, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL:cwr